UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MIRANDA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE,<br><br>　　　Defendant. | Case No.: 1:21-cv-1763 JLT HBK<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND TO CLARIFY THE MATTER OF THIS COURT'S JURISDICTION |

Raymond Miranda is incarcerated at Corcoran State Prison. He asserts that he did not receive economic impact payments to which he was entitled under the Coronavirus Aid, Relief, and Economic Security Act; the Consolidated Appropriations Act; and the American Rescue Plan Act of 2021. (*See* Doc. 1 at 3-4.) For the following reasons, it appears the Court is unable to grant the relief requested, and the complaint is dismissed with leave to amend.

**I.　Screening Requirement**

When an individual proceed *in forma pauperis*, as Plaintiff was authorized to do here, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). Further, the complaint must be dismissed "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid…" 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and... a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III.     Discussion and Analysis

Plaintiff asserts he has not received the EIPs to which he is entitled, and requests the Court intercede for him to receive the stimulus payments.  (*See* Doc. 1 at 4.)

2

### A.      Economic Impact Payments

In response to the COVID-19 pandemic, three federal acts provided economic impact payments ("EIPs") to eligible individuals.  The government made payments in the amount of $1,200 per individual according to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281 (2020).  26 U.S.C. 23 § 6428(a)-(d). The government made payments in the amount of $600.00 under the Consolidated Appropriations Act, 2021, passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020).  26 U.S.C. § 6428A(a)-(d).  Finally, the government made payments in the amount of $1,400 under the American Rescue Plan Act of 2021, passed March 11, 2021, Pub. L. 117-2, 135 Stat. 4.  26 U.S.C. § 6428B(a)-(d).  Plaintiff asserts he was entitled to the EIPs but did not receive them.  (Doc. 1 at 4.)

### B.      Payments under the CARES Act

The CARES Act established a mechanism for the IRS to issue economic impact payments to eligible individuals in the form of a tax credit. *Scholl v. Mnuchin (Scholl I)*, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).  Under Section 6428(a), eligible individuals could receive a tax credit in the amount of $1,200.  *Scholl I*, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)).  This amount is credited against the individual's federal income tax for the year 2020. *Id.*  For purposes of the CARES Act, eligible individual includes "any individual" other than: (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6424(d)).  Incarcerated persons—such as Plaintiff— were "eligible individuals" to receive EIPs under the CARES Act.  *Scholl v. Mnuchin (Scholl II)*, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020).

The CARES Act provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Scholl II*, 494 F. Supp. 3d at 670 (quoting 26 U.S.C. § 6428(f)(1)).  Therefore, "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Id.*

Plaintiff reports he is incarcerated and alleges the defendants did not issue his EIPs. (Doc. 1 at 3-4.) Importantly, however, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A). Thus, the CARES Act imposed a clear deadline of December 31, 2020 for making any economic impact payments. *Id*; *see also Scholl I*, 489 F. Supp. 3d at 1043 ("The CARES Act places an unambiguous deadline on advance refund payments of December 31, 2020."). That deadline expired nearly a year before Plaintiff filed his complaint on December 13, 2021 (Doc. 1), and no more funds may be issued. Accordingly, the Court finds Plaintiff is unable to state a cognizable claim—and the Court is unable to grant the relief requested—under the CARES Act.

### C. Jurisdictional Issues

The Government has waived its sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes. *See* 28 U.S.C. § 1346(a)(1); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). The Government's consent to suit is limited as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected … until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Consequently, before filing suit in federal court for a tax credit or refund, a taxpayer must file an administrative claim with the IRS. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Omohundro v. United States*, 300 F.3d 1065, 1066 (9th Cir. 2002); *see also* 26 U.S.C. § 7422(a).

Further, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *Northern Life Ins. Co. v. United States*, 685 F.2d 277, 279 (9th Cir. 1982) ("filing of a timely claim is jurisdictional for a refund suit and cannot be waived"); *Crimson v. United States*, 550 F.2d 1205, 1206 (9th Cir. 1977) (affirming dismissal for lack of jurisdiction where the plaintiffs did "not file[] a proper claim for a refund within the statuary time period"). Thus, "[a] taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." *Omohundro*, 300 F.3d at 1066-67; *Danoff v. United States*, 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004). The IRS has six months to

4

either reject or elect to not act upon the claim.  *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted).

Plaintiff alleges he mailed a 1040 form to the IRS more than 180 days prior to filing his complaint in December 2021.  (Doc. 1 at 4) However, Plaintiff does not allege any details asserted in his 1040 tax form, such that the Court may determine filing the forms satisfied the administrative claim requirement. For example, Plaintiff does not indicate whether he verified by written declaration that his tax claims were submitted under penalty of perjury; he does not attach any documents to support his assertion of submitting an administratively-compliant claim; and he does not identify what evidence, if any, he submitted to the IRS to support his request the payment of EIPs.  *See* 26 C.F.R. § 301.6402-2(b); *Provenzano v. United States,* 123 F. Supp. 2d 554, 557-58 (S.D. Cal. 2020); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).  This is significant because a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund." *Dunn & Black, P.S.*, 492 F.3d at 1091 (emphasis, citation omitted).  Based upon the limited information alleged, it also appears the 1040 tax forms Plaintiff submitted could not encompass the EIPs paid under the American Rescue Plan Act, which passed on March 11, 2021.  26 U.S.C. § 6428B(a)-(d).  Thus, the Court is unable to find Plaintiff complied with the administrative claim requirements to bring suit under Section 7422(a).

Moreover, the allegations are insufficient to determine Plaintiff complied with the requirements of Section 6532(a), which provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time…"  26 U.S.C. § 6532(a).  Because the facts alleged are insufficient to determine Plaintiff complied with the requirements of Sections 7422(a) and 6532(a), it appears the Court lacks jurisdiction over any claim for EIPs in the form of a tax refund.

### D.     Proper Defendant

Pursuant to Section 7422, a suit for refund "may be maintained only against the United States." 26 U.S.C. § 7422(f)(1); *see also Zinda v. Johnson,* 463 F. Supp. 2d 45, 48 (D.D.C. 2006) ("suits for tax refunds or damages should be brought against the United States").  Consequently, the United

States is the proper defendant—to the extent Plaintiff seeks a EIPs in the form of a tax refund—rather than the Department of Treasury or the IRS.

### IV.     Leave to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts alleged, and that an opportunity to amend would be futile. *See id.* at 1128.

Due to the sparsity of allegations in the complaint, the Court has insufficient information to conclude that amendment is futile. Plaintiff has not alleged he submitted an administrative claim related to the EIPs, but the Court is unable to conclude this did not occur. Amendment would allow Plaintiff to identify the contents of his submissions to the IRS and allow the Court to clarify whether he complied with the jurisdictional requirements. Thus, leave to amend is appropriate, and Plaintiff will be granted **one opportunity** to allege facts sufficient to state a cognizable claim and support a conclusion that this Court has jurisdiction over the matter. *See Strojnik v. Wickstrom Hospitality, LLC*, 2020 WL 1467067, at *7 (E.D. Cal. Mar. 25, 2020) (granting leave to amend for the plaintiff to address jurisdictional deficiencies); *see also Cook*, 911 F.2d at 247.

The amended complaint shall be titled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

### V.      Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. The complaint is **DISMISSED** with leave to amend.
2. Plaintiff **SHALL** file any First Amended Complaint within thirty days of the date of service of this order.

///

**If Plaintiff fails to file an amended complaint, the action may be dismissed without prejudice for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated:   **January 6, 2023**

_____
UNITED STATES DISTRICT JUDGE