**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND MIRANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No.: 1:21-cv-1763 JLT HBK<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Raymond Miranda asserts that he did not receive economic impact payments to which he was entitled under the Coronavirus Aid, Relief, and Economic Security Act; the Consolidated Appropriations Act; and the American Rescue Plan Act of 2021. (*See* Doc. 1 at 3-4.)  Because Plaintiff failed to prosecute the action and failed to comply with the Court's order, the action is **DISMISSED** without prejudice.

**I.     Relevant Background**

On December 31, 2021, Plaintiff initiated this action by filing a complaint in which he asserted the defendants did not issue his economic impact payments ("EIPs") as authorized, although he submitted a 1040 tax form.  (*See generally* Doc. 1.)

The Court reviewed the Complaint to determine the matter of its jurisdiction over the claims. (Doc. 8.)  The Court observed that "the CARES Act imposed a clear deadline of December 31, 2020

for making any economic impact payments," and this "deadline expired nearly a year before Plaintiff filed his complaint…" (*Id.* at 4, citing 26 U.S.C. § 6428(f)(3)(A), *Scholl v. Mnuchin (Scholl I)*, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).) In addition, the Court observed that Plaintiff did not allege any details provided in his 1040 tax form, such that the Court could determine filing the forms satisfied the administrative claim requirement. (*See id.* at 5.) Nevertheless, the Court observed that based upon the filing dates, "the 1040 tax forms Plaintiff submitted could not encompass the economic impact payments paid under the American Rescue Plan Act, which passed on March 11, 2021. (*Id.*, citing 26 U.S.C. § 6428B(a)-(d).) The Court was "unable to find Plaintiff complied with the administrative claim requirements to bring suit under Section 7422(a)." (*Id.*) Furthermore, the allegations were "insufficient to determine Plaintiff complied with the requirements of Sections 7422(a) and 6532(a)." (*Id.*) Therefore, the Court concluded it "lacks jurisdiction over any claim for EIPs in the form of a tax refund." (*Id.*)

On January 6, 2023, the Court dismissed the Complaint with leave to amend and served Plaintiff at the address on the record. (Doc. 8 at 6.) Plaintiff was granted 30 days after the date of service to file an amended complaint to address the matter of the Court's jurisdiction. (*Id.*) The Court explained Plaintiff had "one opportunity to allege facts sufficient to state a cognizable claim and support a conclusion that this Court has jurisdiction over the matter." (*Id.*, emphasis and citation omitted.) Plaintiff was informed the failure to comply with this order my result in dismissal of the action without prejudice for his "failure to prosecute and failure to obey the Court's order." (*Id.* at 7, emphasis omitted.) To date, Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

**II.     Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a

court order.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

#### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this case in abeyance based upon the failure to comply with the Court's order and failure to take action to continue prosecution in a timely manner.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").  Accordingly, these factors weigh in favor of dismissal of the action.

#### B.     Prejudice to Defendant

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case."  *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff has

3

1 not taken action to further the prosecution of the action, despite being ordered by the Court to file an
2 amended complaint following the dismissal of the initial pleading.  Therefore, this factor weighs in
3 favor of dismissal of the action.

        **C.**       **Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the order dismissing the complaint, the Court warned Plaintiff that his failure to comply with the Court's order to file an amended complaint could result in dismissal without prejudice "for failure to prosecute and failure to obey the Court's order."  (Doc. 8 at 6, emphasis omitted).  Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the Court's warning satisfied the requirement that lesser sanctions be considered, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

        **D.**       **Public policy**

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV.**     **Conclusion and Order**

Plaintiff ailed to prosecute this action though his failure to file an amended complaint.  In addition, Plaintiff failed to comply with the Court's order dated January 6, 2023 (Doc. 8), despite a

warning that terminating sanctions may be imposed.  Accordingly, the Court finds the imposition of terminating sanctions is appropriate. Based upon the foregoing, the Court **ORDERS**:

    1.    This action is **DISMISSED** without prejudice.

    2.    The Clerk of Court is **DIRECTED** to close the action.

IT IS SO ORDERED.

Dated:   **March 17, 2023**

UNITED STATES DISTRICT JUDGE